**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-307-DLB**

**LIVAN ONEY RIVERA-FIGUEREDO** **PETITIONER**

**v.** **MEMORANDUM ORDER**

**JASON MAYDAK, et al.,** **RESPONDENTS**

* * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court on Petitioner Livan Oney Rivera-Figueredo's Motion to Enforce Judgment (Doc. # 8). For the following reasons, the Court **denies** the Motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Rivera-Figueredo is a native and citizen of Cuba. (Doc. # 1 ¶ 1). He entered the United States in 2021, at which time immigration officials processed him and released him on his own recognizance. (*Id.* ¶ 22). Rivera-Figueredo remained in the United States until November 2025, when officials re-detained him and charged him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.* ¶ 4).

Rivera-Figueredo, however, never received a bond hearing. (*Id.* ¶ 25). He later filed a petition for writ of habeas corpus, arguing, among other things, that his continued detention without a bond hearing violated 8 U.S.C. § 1226(a). (*Id.* ¶¶ 26-31). Federal Respondents agreed, and Rivera-Figueredo received a bond hearing on August 3, 2026. (Doc. # 5 ¶¶ 1-2). At that hearing, Immigration Judge ("IJ") Mary Foster denied bond,

concluding that he posed both a "danger to [the] community" and "risk of flight." (Doc. # 5-1 at 1). The Court subsequently dismissed Rivera-Figuero's Petition. (*See* Doc. # 7).

But that was not the end of the matter. Rivera-Figueredo filed the instant Motion to Enforce Judgment, arguing that, although he had received a bond hearing, that hearing was constitutionally inadequate. (*See* Doc. # 8 at 2). In particular, he took issue with the IJ's apparent failure to mark his "evidentiary submission concerning the criminal history relied upon by DHS" as an exhibit. (*Id.*). Federal Respondents filed a Response on October 5, 2026 (Doc. # 10). Rivera-Figueredo did not file any reply. Therefore, the motion is ripe for review.

## III. ANALYSIS

Rivera-Figueredo contends that his bond hearing was constitutionally inadequate because the IJ failed to formally mark evidence he had submitted in advance of the hearing. (*See, e.g.*, Doc. # 8 at 2-3, 5-6). That evidence, he argues, "went to the heart of [Federal Respondents'] dangerousness argument," (*id.* at 6), because it purportedly established that he had only been charged with, but not convicted of, certain criminal offenses, (*see* Doc. # 8-3 at 20-21). The Court disagrees.

At best, Rivera-Figueredo identifies a procedural irregularity, not a constitutional violation. And "to prevail on a procedural due process challenge, [Rivera-Figueredo] must . . . show prejudice." *Graham v. Mukasey*, 519 F.3d 546, 549 (6th Cir. 2008). This means that "he must show that the due process violations led to a substantially different outcome from that which would have occurred in the absence of those violations." *Id.* at 549-50. Rivera-Figueredo cannot do so here. Even assuming that the evidence was never formally marked, the audio recording of the bond hearing, as Federal Respondents rightly

point out, reveals that Rivera-Figueredo's counsel expressly brought that evidence to the IJ's attention. (*See* Doc. # 10 at 4-6; Doc. # 12 at 04:00-05:16). Any suggestion, then, that the failure to formally mark the evidence meant that the IJ did not consider it—and, in turn, that the omission affected the outcome of the bond hearing—is flatly contradicted by the record itself. (*See* Doc. # 12 at 08:45-08:52 ("I've listened to the arguments *from your attorney* and the Department, and I've reviewed the documents that have been submitted . . .") (emphasis added)).

What Rivera-Figueredo really quarrels with, then, is the weight the IJ assigned to that evidence in reaching her bond determination. As he sees it, had the IJ properly considered evidence that certain criminal charges did not result in convictions, "she might have concluded that DHS's characterization of [Rivera-Figueredo's criminal] record was inaccurate, incomplete, or entitled to substantially less weight." (Doc. # 8 at 6). But this "raises quintessentially factual arguments about the IJ's decision," which "fall outside the bounds of the Court's jurisdiction." *Marroquin v. Noem*, No. CV 26-45-DLB, 2026 WL 575222, at *4 (E.D. Ky. Mar. 2, 2026); 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). *See also De Leon Trejo v. Bullock*, No. 26-5186, 2026 WL 2057094, at *2 (6th Cir. May 14, 2026) (recognizing that a detainee's "arguments that the IJ improperly focused on his sponsor's income, his multiple reentries, or the general weight of the evidence are outside the scope of our review and must be appealed to the [Board of Immigration Appeals]"). Such critiques of

the IJ's decision fall squarely within § 1226(e)'s jurisdictional bar, and this Court cannot entertain them.[1]

Therefore, because Rivera-Figueredo has demonstrated neither a prejudicial procedural deficiency nor an independent constitutional violation, his challenge fails.

## IV. CONCLUSION

Accordingly, for the reasons stated herein **IT IS ORDERED** as follows:

(1) Rivera-Figueredo's Motion to Enforce Judgment (Doc. # 8) is **DENIED**;

(2) This matter is **DISMISSED and STRICKEN** from the Court's active docket.

This 3rd day of November, 2026.

**Signed By:**
***David L. Bunning*** DB
**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Cov2026\26-307 Order Denying Motion to Enforce.docx

[1] Even assuming the Court could review the IJ's assessment of the evidence, nothing appears amiss. After all, "in bond proceedings, Immigration Judges are not limited to considering only criminal convictions in assessing whether an alien is a danger to the community." *Matter of Salsa Pena*, 29 I. & N. Dec. 173, 174 (BIA 2025) (recognizing that an IJ may consider a detainee's pending drug-trafficking charge, even though he "ha[d] not been convicted").